**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZACK STEINER, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-04702-JPC-SDA <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | |
| v. | |
| UIPATH, INC., DANIEL DINES, ROBERT ENSLIN, and ASHIM GUPTA, | |
| Defendants. | |
| SIMONE BRUNOZZI, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-05959-JPC-SDA <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | |
| v. | |
| UIPATH, INC., DANIEL DINES, ROBERT ENSLIN, and ASHIM GUPTA, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION**
**OF SIMONE BRUNOZZI FOR APPOINTMENT AS LEAD PLAINTIFF,**
<u>**APPROVAL OF HIS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION**</u>

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

FACTUAL BACKGROUND ..................................................................................................... 2

ARGUMENT ............................................................................................................................. 4

    A.    Mr. Brunozzi Is The Most Adequate Plaintiff ................................................................ 5

        1.    Mr. Brunozzi Believes He Has The Largest Financial Interest In The Relief Sought By The Class ................................................................................................5

        2.    Mr. Brunozzi Otherwise Satisfies The Requirements Of Rule 23 ..........................7

    B.    Mr. Brunozzi Selected Well-Qualified Lead Counsel To Represent The Class .............. 8

    C.    Consolidation is Warranted ............................................................................................ 9

CONCLUSION ........................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bo Young Cha v. Kinross Gold Corp.*,
No. 12-cv-1203 (PAE), 2012 WL 2025850 (S.D.N.Y. May 31, 2012) ...................................... 6

*Chilton v. Chiumento Grp.*,
365 F. App'x 298 (2d Cir. 2010) ................................................................................................ 5

*City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*,
No. 20-cv-9132 (AJN), 2021 WL 396343 (S.D.N.Y. Feb. 4, 2021) ......................................... 6

*Dura Pharmaceuticals, Inc. v. Broudo*,
544 U.S. 335 (2005)............................................................................................................... 2, 6

*Husson v. Garrett Motion Inc.*,
No. 20-cv-7992 (JPC), 2021 WL 211541 (S.D.N.Y. Jan. 21, 2021).................................. 7, 8, 9

*Lax v. First Merchants Acceptance Corp.*,
No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997)....................................................... 6

**Statutes**

15 U.S.C. § 78j(b) ....................................................................................................................... 1

15 U.S.C. § 78t(a) ....................................................................................................................... 1

15 U.S.C. § 78u-4 ................................................................................................................ *passim*

17 C.F.R. § 240.10b-5.................................................................................................................. 1

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................. 1, 2, 7

Fed. R. Civ. P. 42(a) .......................................................................................................... 1, 9, 10

Simone Brunozzi respectfully submits this memorandum of law in support of his motion: (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of his selection of Bleichmar Fonti & Auld LLP ("BFA") as Lead Counsel for the putative Class; (3) for consolidation of the above-captioned securities class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); and (4) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

There are currently two related securities class actions pending against UiPath, Inc. ("UiPath" or the "Company") and certain of its senior officers (collectively, "Defendants").  Mr. Brunozzi is the Plaintiff that filed the second of these actions.   Both actions allege that Defendants defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).   Specifically, the actions allege that from December 1, 2023 to the close of trading on May 29, 2024, inclusive (the "Class Period"), Defendants misrepresented the success of UiPath's turnaround strategy.

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, Mr. Brunozzi is the "most adequate

1

plaintiff" by virtue of, among other things, the approximately $5 million in losses that he incurred on his investments in UiPath securities during the Class Period, as assessed under the U.S. Supreme Court's ruling in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 335 (2005). Mr. Brunozzi also satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the Class, and he will fairly and adequately represent the Class. Indeed, Mr. Brunozzi is a sophisticated investor who has already taken active steps to protect the putative Class in this case and fully understands the Lead Plaintiff's obligations to the Class under the PSLRA. He is clearly willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action. *See* Declaration of Joseph A. Fonti ("Fonti Decl."), Ex. A.

Further, Mr. Brunozzi has selected BFA, a law firm with substantial experience successfully prosecuting securities class actions, to serve as Lead Counsel for the Class. Accordingly, Mr. Brunozzi respectfully requests that the Court appoint him Lead Plaintiff and otherwise grant his motion.

### FACTUAL BACKGROUND

UiPath provides robotic process automation ("RPA") tools to automate repetitive business tasks typically performed by humans. With the evolution of artificial intelligence ("AI") technology in recent years, UiPath sought to enhance its business automation offerings with AI-powered products that work in conjunction with its RPA tools. ¶2.[1]

On September 27, 2022, after a period of stagnant growth and declining demand for its RPA products, UiPath announced a turnaround strategy. The turnaround strategy included rebranding UiPath as an AI-powered Business Automation Platform and overhauling the

---

[1] All citations to ¶__ refer to the complaint Mr. Brunozzi filed on August 6, 2024 in *Brunozzi v. UiPath, Inc.*, No. 1:24-cv-05959-JPC-SDA, ECF No. 1 (S.D.N.Y.).

Company's go-to-market sales strategy.  The sales strategy overhaul included several facets, such as: (1) prioritizing selling UiPath's platform of products as opposed to allowing its customers to pick and choose single product offerings; and (2) increasing sales resources dedicated to the Company's largest customers and focusing sales efforts on its customers' C-suites.  ¶3.

During the Class Period, Defendants touted the Company's turnaround strategy.  For instance, they said that UiPath's Business Automation Platform "enables us to close larger, more strategic deals" and that its AI-powered products "set[] us apart from the competition." Regarding UiPath's overhauled go-to-market strategy, Defendants represented that the Company was "executing against that strategy, and we're seeing [the] results in the deal quality and the customer quality," asserted that "our strategic investments in innovations and our go-to-market ecosystem positions us well for continued momentum," and insisted that "there's no doubt there's [been] better execution" since the implementation of the turnaround strategy.  ¶4.

In truth, UiPath's turnaround strategy had failed.  Fruitless investments and inconsistent execution plagued the Company's overhauled go-to-market strategy.  Additionally, far from a competitive strength, UiPath's AI-powered Business Automation Platform caused "confusion" among customers and was not able to be adequately scaled.  As a result, UiPath experienced significant difficulties closing and/or expanding large multiyear deals.  ¶5.

Just two and a half months after touting the results of the turnaround strategy, on May 29, 2024, UiPath announced the sudden departure of Defendant Enslin as CEO and the reappointment of Defendant Dines as CEO.  On the same day, UiPath announced disappointing 1Q 25 financial results and significantly cut its FY 25 revenue guidance by 10%. UiPath attributed the poor results and guidance to several factors, including "contract execution

challenges on large deals," an inadequate "execution strategy to scale" the Company's AI-powered growth products "to reach their full potential," and that "investments we have made to reaccelerate growth have fallen short of our expectations, [and] made us less agile in responding to customer needs."  Defendant Dines indicated that the turnaround strategy was a failure.  He stated, "[a]s we look to the future, we are laser focused on enhancing our execution . . . , driving higher efficiency across sales . . . and driving a deeper and more execution-oriented strategy for our [AI-powered] growth products."  Additionally, Dines stated, "AI is creating a little bit of confusion with our customers" and rather than closing deals, the customers are continuing to "evaluat[e] what kind of tasks are better suitable to automate the AI" and "what tasks are better with using our platform."  On this news, the price of UiPath stock declined $6.23 per share, or more than 34%, from $18.30 per share on May 29, 2024, to $12.07 per share on May 30, 2024.  ¶¶9–11.

## ARGUMENT

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  On June 20, 2024, Plaintiff Zack Steiner filed the first of the related actions which asserted claims on behalf of all those that "purchased or acquired UiPath securities" during the Class Period.  *See Steiner v. UiPath*, *Inc.*, No. 1:24-cv-04702-JPC-SDA (S.D.N.Y.) ("*Steiner*"), ECF No. 1 at ¶1.  On the same day, counsel for Mr. Steiner, BFA, published notice of the pendency of the action on *Globe Newswire*, which alerted investors to the pendency of the action and set the deadline to seek Lead Plaintiff status by August 19, 2024.  *See* Fonti Decl. Ex. B.[2]

---

[2] While Mr. Steiner filed a complaint, he is not seeking Lead Plaintiff appointment in this matter.

On August 6, 2024, Mr. Brunozzi filed a substantially similar action against Defendants which expanded the class definition to explicitly include all those that "purchased or acquired UiPath securities, including stock and call options, as well as those that sold put options on UiPath stock" during the Class Period. *See Brunozzi*, ECF No. 1 at ¶1. Also on August 6, 2024, counsel for Mr. Brunozzi, BFA, published a notice on *AccessWire* alerting investors to the expanded class definition, and reminding them of the deadline of August 19, 2024 to seek to serve as Lead Plaintiff. *See* Fonti Decl. Ex. C.

Accordingly, Mr. Brunozzi satisfies the PSLRA's 60-day requirement through the filing of this motion.

**A.      Mr. Brunozzi Is The Most Adequate Plaintiff**

Mr. Brunozzi respectfully submits that he is entitled to be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for Lead Plaintiff presumption).

**1.      Mr. Brunozzi Believes He Has The Largest Financial Interest In The Relief Sought By The Class**

Mr. Brunozzi believes that he has the largest financial interest in the relief sought by the class and thus should be appointed Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Mr. Brunozzi incurred a recoverable loss of over $5 million on his investments in UiPath securities during the Class Period as assessed under the Supreme Court's ruling in *Dura*. "Though *Dura* concerned a motion to dismiss a securities class action, courts [in this District]

5

nonetheless apply *Dura* when considering [the] financial interest for the purposes of appointing a lead plaintiff." *City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, No. 20-cv-9132 (AJN), 2021 WL 396343, at *3 (S.D.N.Y. Feb. 4, 2021) (collecting cases). This is because "courts should consider only those losses that will actually be recoverable in the class action . . . and make determinations of largest financial interest only based on the facts alleged in the complaint." *Id.* (quotations omitted).

Courts in this district may also rely on more simplistic inventory accounting methodologies known as first-in, first-out ("FIFO") and last-in, first-out ("LIFO"), without considering the impact of *Dura*, to assess financial interest. When considering the most appropriate inventory accounting method, virtually every court finds LIFO to be more reliable than FIFO. *See Bo Young Cha v. Kinross Gold Corp.*, No. 12-cv-1203 (PAE), 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012). Under both methodologies, Mr. Brunozzi also incurred a significant loss of roughly $5 million on his investments in UiPath securities.[3]

To the best of Mr. Brunozzi's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation.[4] Accordingly, Mr. Brunozzi believes that he has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

---

[3] In addition to losses, courts often consider various other metrics, typically referred to as "*Lax* factors*," to further analyze a movant's financial interest when warranted. *See Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) (identifying (1) total number of shares purchased; (2) number of net shares purchased; (3) total net funds expended; and (4) approximate losses suffered, as four factors for courts to consider when determining the largest financial interest).

[4] Mr. Brunozzi filed his PSLRA-required Certification when he filed his complaint. *See Brunozzi*, ECF No. 1 at 23. It is provided again as Exhibit D to the Fonti Decl. for convenience. In addition, a chart setting forth calculations of Mr. Brunozzi's financial interest is provided as Exhibit E to the Fonti Decl. Mr. Brunozzi's PSLRA certification and loss calculation provide all the trading information necessary to calculate his financial interest under all possible metrics and does not presuppose that there is only one valid methodology.

**2.      Mr. Brunozzi Otherwise Satisfies The Requirements Of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, Mr. Brunozzi otherwise satisfies the requirements of Rule 23.   *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  "[I]n deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met."  *Husson v. Garrett Motion Inc.*, No. 20-cv-7992 (JPC), 2021 WL 211541, *3 (S.D.N.Y. Jan. 21, 2021) (Cronan, J.).   Here, Mr. Brunozzi unquestionably satisfies both requirements.

Mr. Brunozzi's claims are typical of the claims of other investors in UiPath securities. "Typicality is satisfied if each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Id.* (citation omitted).  Here, Mr. Brunozzi's and all other Class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical.  Like all other Class members, Mr. Brunozzi: (1) invested in UiPath securities during the Class Period; (2) invested at prices allegedly artificially distorted by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market. *See id.* (typicality met when movant "appear[s] to seek the same relief and advance the same legal theories as other class members").  As such, Mr. Brunozzi is a typical Class representative.

Mr. Brunozzi likewise satisfies the adequacy requirement of Rule 23.   Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "Adequacy means that there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants, the parties'

7

attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy." *See Garrett Motion*, 2021 WL 211541, at *3 (internal quotations omitted).  Mr. Brunozzi satisfies these elements because his substantial financial stake in the litigation provides the ability and incentive to vigorously represent the Class's claims.  Indeed, he "filed the complaint that began one of the actions here." *Id.*  What's more, Mr. Brunozzi is a sophisticated investor who has already taken active steps to protect absent Class members, which helps ensure the putative Class's claims will be adequately represented.

Further, Mr. Brunozzi's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between Mr. Brunozzi and other Class members, and there is no collusion among the litigants.  *See id.* (adequacy found when "[t]here is nothing in the record that suggests the [movant has] conflicts with other class members").

Mr. Brunozzi has also demonstrated his adequacy through his selection of BFA as Lead Counsel to represent the Class in this action.  As discussed more fully below, BFA is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

**B.      Mr. Brunozzi Selected Well-Qualified Lead Counsel To Represent The Class**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

BFA is among the foremost securities class action law firms in the country. BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades. *See* Fonti Decl. Ex. F. For example, BFA recently achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva Pharms. Indus. Ltd.*, No. 3:17-cv-00558-SRU (D. Conn.). BFA also recently secured a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc.*, No. 3:19-cv-04744-WHA (N.D. Cal.). Previously, BFA secured a $234 million resolution for the benefit of the class in *In re MF Global Holdings Ltd. Sec. Litig.*, No. 1:11-cv-07866-VM (S.D.N.Y.), as well as a $120 million recovery in *Freedman v. Weatherford Int'l Ltd.*, No. 1:12-cv-02121-LAK (S.D.N.Y.). BFA also secured a $219 million resolution in *In re Genworth Fin., Inc. Sec. Litig.*, 3:14-cv-00682-JAG (E.D. Va.), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

**C.    Consolidation is Warranted**

There are two related actions pending in this District against Defendants:

| Case | Civil No. | Date Filed |
|---|---|---|
| *Steiner v. UiPath, Inc.* | 1:24-cv-04702 | June 20, 2024 |
| *Brunozzi v. UiPath, Inc.* | 1:24-cv-05959 | August 6, 2024 |

These actions present substantially similar factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act, against the same defendants, relating to the same period of time, and are premised on similar types of misstatements. Rule 42(a) grants broad discretion to courts to consolidate cases that involve common questions of law or fact, as here. *See Garrett Motion*, 2021 WL 211541, at *2. While *Brunozzi* asserts an

expanded class definition as compared to *Steiner*, this minor difference does not render consolidation inappropriate because such "minor differences in the pleadings" do not outweigh the interests of judicial economy served by consolidation. *See id.* at *1–2.

**CONCLUSION**

For the reasons discussed above, Mr. Brunozzi respectfully requests that the Court: (1) appoint him to serve as Lead Plaintiff; (2) approve his selection of BFA as Lead Counsel for the putative Class; (3) consolidate all related actions pursuant to Rule 42(a); and (4) grant any such further relief as the Court may deem just and proper.


Dated: August 19, 2024                      Respectfully submitted,

                                   **BLEICHMAR FONTI & AULD LLP**

                                     */s/ Joseph A. Fonti*
                                   Joseph A. Fonti
                                   300 Park Avenue, Suite 1301
                                   New York, New York 10022
                                   Telephone: (212) 789-1340
                                   Facsimile: (212) 205-3960
                                   jfonti@bfalaw.com

                                   -and-

                                   Ross Shikowitz
                                   75 Virginia Road
                                   White Plains, New York 10603
                                   Telephone: (914) 265-2991
                                   Facsimile: (212) 205-3960
                                   rshikowitz@bfalaw.com

                                   -and-

                                   Adam C. McCall (*pro hac vice* forthcoming)
                                   1330 Broadway, Suite 630
                                   Oakland, California 94612
                                   Telephone: (415) 445-4003
                                   Facsimile: (415) 445-4020

10

amccall@bfalaw.com

*Counsel for Plaintiff and Proposed Lead Plaintiff Simone Brunozzi, and Proposed Lead Counsel for the Putative Class*

11