**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZACK STEINER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UIPATH, INC., DANIEL DINES, ROBERT ENSLIN, and ASHIM GUPTA,<br><br>Defendants. | Case No. 1:24-cv-04702-JPC-SDA<br><br>CLASS ACTION |
| SIMONE BRUNOZZI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UIPATH, INC., DANIEL DINES, ROBERT ENSLIN, and ASHIM GUPTA,<br><br>Defendants. | Case No. 1:24-cv-05959-JPC-SDA<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE UNOPPOSED MOTION OF SIMONE BRUNOZZI FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF HIS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION**

**ARGUMENT**

Simone Brunozzi respectfully submits this memorandum of law in further support of his unopposed motion to be appointed Lead Plaintiff, for approval of his selection of Bleichmar Fonti & Auld LLP ("BFA") as Lead Counsel for the Class, and for consolidation of the above-captioned securities class actions. *See* ECF No. 13.[1]

**A.      Mr. Brunozzi Is Entitled To Lead Plaintiff Appointment**

Mr. Brunozzi is the presumptive Lead Plaintiff in this action. He is the only Class member currently seeking Lead Plaintiff status, and, with losses of over $5 million from his transactions in UiPath, Inc. securities, has the largest financial interest in the outcome of the litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); ECF No. 15-5 at 7. The only other movant to seek leadership status has since withdrawn its motion and, in any event, claims a loss of roughly $421,000 (at most), which is 92% less than Mr. Brunozzi's loss. *See* ECF Nos. 19-2 at 4; 20; *see also Denny v. Canaan, Inc.*, 2021 WL 5847647, at *3 (S.D.N.Y. Dec. 9, 2021) (Cronan, J.) (appointing movant that "allegedly suffered $1,321,305.38 in losses . . . giving them the largest financial interest in this case").

In addition to possessing the largest financial interest in the outcome of the litigation, Mr. Brunozzi also satisfies the typicality and adequacy requirements of Rule 23 because his claims are typical of other Class members' claims and because he will fairly and adequately represent the interests of all Class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "Typicality is satisfied if each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Husson v. Garrett Motion Inc.*, 2021 WL 211541, *3 (S.D.N.Y. Jan. 21, 2021) (Cronan, J.) (citation omitted).

---

[1] All references to "ECF No. __" refer to the docket in *Steiner v. UiPath, Inc.*, No. 1:24-cv-04702 (S.D.N.Y.), unless otherwise indicated.

Here, Mr. Brunozzi's and all other Class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical.  Like all other Class members, Mr. Brunozzi: (1) invested in UiPath securities during the Class Period; (2) invested at prices allegedly artificially distorted by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market.  *See id*. (typicality met when movant "appear[s] to seek the same relief and advance the same legal theories as other class members").  As such, Mr. Brunozzi is a typical Class representative.

Mr. Brunozzi likewise satisfies the adequacy requirement of Rule 23.  "Adequacy means that there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants, the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy."  *Id.* (internal quotations omitted).  Mr. Brunozzi satisfies these elements because his substantial financial stake in the litigation provides the ability and incentive to vigorously represent the Class's claims.  Indeed, he "filed the complaint that began one of the actions here."  *Id.*  What's more, Mr. Brunozzi is a sophisticated investor who has already taken active steps to protect absent Class members, which helps ensure the putative Class's claims will be adequately represented.  *See* ECF No. 15-1.

Further, Mr. Brunozzi's interests are squarely aligned with those of the other Class members and are not antagonistic in any way.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between Mr. Brunozzi and other Class members, and there is no collusion among the litigants.  *See Garrett Motion*, 2021 WL 211541, at *3 (adequacy found when "[t]here is nothing in the record that suggests the [movant has] conflicts with other class members").

Mr. Brunozzi has also demonstrated his adequacy through his selection of BFA as Lead Counsel to represent the Class in this action, a highly qualified and experienced law firm in the area of securities class action litigation.

No movant has submitted any facts, let alone the "proof" the PSLRA requires, sufficient to rebut the presumption entitling Mr. Brunozzi to Lead Plaintiff appointment. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

**B.     Mr. Brunozzi Selected Well-Qualified Lead Counsel To Represent The Class**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

BFA is among the foremost securities class action law firms in the country. BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades. *See* ECF No. 15-6. For example, BFA recently achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva Pharms. Indus. Ltd.*, No. 3:17-cv-00558-SRU (D. Conn.). BFA also recently secured a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc.*, No. 3:19-cv-04744-WHA (N.D. Cal.). Previously, BFA secured a $234 million resolution for the benefit of the class in *In re MF Global Holdings Ltd. Sec. Litig.*, No. 1:11-cv-07866-VM (S.D.N.Y.), as well as a $120 million recovery in *Freedman v. Weatherford Int'l Ltd.*, No. 1:12-cv-02121-LAK (S.D.N.Y.). BFA also secured a $219 million resolution in *In re Genworth Fin., Inc. Sec. Litig.*, No. 3:14-cv-00682-JAG (E.D. Va.), which

represents the largest securities class action recovery ever achieved in the Eastern District of Virginia. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

**C.     Consolidation Is Warranted**

The above-captioned actions present substantially similar factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act, against the same defendants, relating to the same time period, and are premised on similar types of misstatements. Rule 42(a) grants broad discretion to courts to consolidate cases that involve common questions of law or fact, as here. *See Garrett Motion*, 2021 WL 211541, at *2. While the cases assert slightly different class definitions, this minor difference does not render consolidation inappropriate because such "minor differences in the pleadings" do not outweigh the interests of judicial economy served by consolidation. *See id.* at *1–2.

**CONCLUSION**

For the reasons discussed above, Mr. Brunozzi respectfully requests that the Court grant his unopposed motion: (1) to be appointed Lead Plaintiff; (2) for approval of his selection of BFA as Lead Counsel for the putative Class; and (3) consolidation of all related actions pursuant to Rule 42(a).

Dated: September 3, 2024                           Respectfully submitted,

                                                  **BLEICHMAR FONTI & AULD LLP**

                                                  */s/ Joseph A. Fonti*
                                                  Joseph A. Fonti
                                                  300 Park Avenue, Suite 1301
                                                  New York, New York 10022
                                                  Telephone: (212) 789-1340
                                                  Facsimile: (212) 205-3960
                                                  jfonti@bfalaw.com

                                                  -and-

4

Ross Shikowitz
75 Virginia Road
White Plains, New York 10603
Telephone: (914) 265-2991
Facsimile: (212) 205-3960
rshikowitz@bfalaw.com

-and-

Adam C. McCall (admitted *pro hac vice*)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (212) 789-2303
Facsimile: (415) 445-4020
amccall@bfalaw.com

*Counsel for Plaintiff and Proposed Lead Plaintiff Simone Brunozzi, and Proposed Lead Counsel for the Putative Class*