```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/05/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Zack Steiner, individually and on behalf of all others similarly situated,

      Plaintiff,

-against-

UiPath, Inc., Daniel Dines, Robert Enslin and Ashim Gupta,

      Defendants.

1:24-cv-04702 (JPC) (SDA)

**OPINION AND ORDER**

---

Simone Brunozzi, individually and on behalf of all others similarly situated,

      Plaintiff,

-against-

UiPath, Inc., Daniel Dines, Robert Enslin and Ashim Gupta,

      Defendants.

1:24-cv-05959 (JPC) (SDA)

---

**STEWART D. AARON, United States Magistrate Judge:**

  Pending before the Court in the case entitled *Zack Steiner v. UiPath, Inc., et al.*, No. 24-CV-04702 (JPC) (SDA) (S.D.N.Y.) (the "*Steiner* Action") is a motion by Simone Brunozzi ("Brunozzi"), pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), to appoint Brunozzi as the lead plaintiff,[1] and to approve

---

[1] While Plaintiff Zack Steiner ("Steiner") filed the Complaint in the *Steiner* Action, he is not seeking appointment as lead plaintiff. (8/19/24 Mem., ECF No. 14, at 4 n.1.) All references herein to "ECF No. __" refer to the ECF docket in the *Steiner* Action, unless otherwise indicated.

Brunozzi's selection of Bleichmar Fonti & Auld LLP ("BFA") as lead counsel for the putative class; and, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, to consolidate the *Steiner* Action with the action entitled *Simone Brunozzi v. UiPath, Inc., et al.*, No. 24-CV-05959 (JPC) (SDA) (S.D.N.Y.) (the "*Brunozzi* Action").[2] (Not. of Mot., ECF No. 13.) For the reasons set forth below, the motion is GRANTED in its entirety.

## FACTUAL BACKGROUND

The *Steiner* Action and the *Brunozzi* Action are two related securities class actions pending against Defendant UiPath, Inc. ("UiPath") and certain of its senior officers (collectively, "Defendants"). (8/19/24 Mem. at 1.) Both actions allege that Defendants defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). (*Id.*; *see also* Compl., ECF No. 1, ¶ 1; *Brunozzi* Action Compl., No. 24-CV-05959, ECF No. 1.) Specifically, the two actions allege, *inter alia*, that from December 1, 2023 to the close of trading on May 29, 2024, inclusive (the "Class Period"), Defendants misrepresented the success of UiPath's turnaround strategy. (*Id.*; *see also* Compl. ¶¶ 1-11; *Brunozzi* Action Compl. ¶¶ 1-11.)

## PROCEDURAL HISTORY

On June 20, 2024, the *Steiner* Action was initiated by filing the Complaint. (Compl.) That same day, BFA published notice of the pendency of the action on *Globe Newswire*, which alerted

---

[2] "An order appointing lead plaintiff and approving lead counsel qualifies as a nondispositive matter under Rule 72(a) of the Federal Rules of Civil Procedure, allowing this Court to issue a written order (i.e., a Memorandum and Order) rather than a recommended disposition (i.e., a Report and Recommendation)." *Darish v. N. Dynasty Mins. Ltd.*, No. 20-CV-5917 (ENV), 2021 WL 1026567, at *1 n.3 (E.D.N.Y. Mar. 17, 2021) (citing Fed. R. Civ. P. 72(a)). In addition, "[u]nder Rule 72(a), an order granting a motion to consolidate is a nondispositive order[.]" *In re Synergy Pharms. Inc. Sec. Litig.*, No. 18-CV-00873 (AMD) (VMS), 2020 WL 5763830, at *2 (E.D.N.Y. Sept. 28, 2020).

2

investors to the pendency of the action and set the deadline for an individual to seek "lead plaintiff" status no later than 60 days therefrom by August 19, 2024 in accordance with 15 U.S.C. § 78u-4(a)(3)(A). (Notice of Pendency of *Steiner* Action, ECF No. 15-2.)

On August 6, 2024, the *Brunozzi* Action was initiated by filing its respective Complaint, which contains allegations that are substantially similar to the allegations in the *Steiner* Action. (*Compare* Compl. *with Brunozzi* Action Compl.) However, the Complaint in the *Brunozzi* Action expanded the class definition to explicitly include all those that "purchased or acquired UiPath securities, including stock and call options, as well as those that sold put options on UiPath stock" during the Class Period. (*Brunozzi* Action Compl. ¶ 1.) That same day, BFA published notice of the pendency of the action on *AccessWire*, which alerted investors to the expanded class definition, and reminded them of the August 19, 2024 deadline. (Notice of Pendency of *Brunozzi* Action, No. 24-CV-05959, ECF No. 15-3.)

On August 19, 2024, BFA filed the motion now before the Court with its supporting papers. (Not. of Mot.; 8/19/24 Mem.; Fonti Decl., ECF No. 15.) On September 3, 2024, BFA filed a memorandum informing the Court that Brunozzi was the only class member seeking appointment as lead plaintiff, thus making Brunozzi's motion unopposed.[3] (9/3/24 Mem., ECF No. 23, at 1.)

---

[3] On August 19, 2024, a separate movant filed a motion seeking to leave to serve as the lead plaintiff and to approve his appointment of lead counsel, as well as to consolidate the *Steiner* Action and the *Brunozzi* Action. (Not. of Mot., ECF No. 17; 8/19/24 Mem., ECF No. 18; Apton Decl., ECF No. 19.) However, on August 27, 2024, that movant withdrew his motion. (Not. of Withdrawal, ECF No. 20.)

3

**DISCUSSION**

"Even when a motion to appoint lead plaintiff is unopposed, the Court must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff." *City of Warren Police & Fire Ret. Sys. v. Foot Locker, Inc.*, 325 F. Supp. 3d 310, 314 (E.D.N.Y. 2018).

**I.      Consolidation**

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," courts must decide the motion for consolidation before appointing the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). A court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Absent prejudice to the defendants, "[c]onsolidation of multiple actions alleging securities fraud is appropriate where those actions relate to the same public statements and reports." *Chitturi v. Kingold Jewelry, Inc.*, No. 20-CV-02886, 2020 WL 8225336, at *2 (E.D.N.Y. Dec. 22, 2020) (quotations omitted). "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007), *reconsidered on other grounds sub nom. In re IMAX Sec. Litig.*, No. 06-CV-06128, 2009 WL 1905033 (S.D.N.Y. June 29, 2009).

Based on a review of the Complaints in the *Steiner* Action and the *Brunozzi* Action, the Court finds that these two actions involve common questions of law and fact warranting consolidation. Accordingly, the Court hereby grants the motion to consolidate the *Steiner* Action and the *Brunozzi* Action.

## II.  Appointment Of Lead Plaintiff

The PSLRA governs the process for appointing a lead plaintiff in a private securities class action. Under the PSLRA, the Court must adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa)  has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). Once the presumption is established, it may only be rebutted with proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

### A.  Notice

The PSLRA requires that a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period[,]" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)-(II).

On June 20, 2024, the statutory notice for the *Steiner* Action was published on *Globe Newswire*, which was supplemented on August 6, 2024 on *AccessWire*, after the *Brunozzi* Action was filed, to alert investors of the expanded class definition, and reminded them of the

5

August 19, 2024 deadline. (Notice of Pendency of *Steiner* Action; Notice of Pendency of *Brunozzi* Action.) On August 19, 2024, Brunozzi moved for appointment as lead plaintiff and to approve his selection of BFA as lead counsel. (Not. of Mot.) Thus, Brunozzi's motion is timely and he satisfies the first requirement to become the presumptive lead plaintiff.

B.    **Financial Interest**

The PSLRA does not prescribe a specific methodology to be used in considering the "largest financial interest." *Million v. Lottery.com Inc.*, No. 22-CV-07111 (JLR), 2022 WL 17076749, at *2 (S.D.N.Y. Nov. 18, 2022) (quoting *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008)). Courts in the Second Circuit generally consider four factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Fuwei Films*, 247 F.R.D. at 437; *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404 (S.D.N.Y. 2004) (collecting cases). Importantly, "[m]ost courts agree that the largest loss is the critical ingredient in determining the largest financial interest and outweighs net shares purchased and net expenditures." *Zawatsky v. Vroom, Inc.*, No. 21-CV-02477 (PGG), 2021 WL 3498191, at *5 (S.D.N.Y. Aug. 6, 2021) (quoting *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011)); *see Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) ("[W]e . . . shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant.") (collecting cases).

Brunozzi believes that he has the largest financial interest in relief sought having incurred a recoverable loss of over $5.0 million on his investments in UiPath securities during the class period. (8/19/24 Mem. at 5; Brunozzi Cert., ECF No. 15-4; Brunozzi Financial Interest Charts, ECF

6

No. 15-5.) Because no prospective lead plaintiff with a larger financial stake in this case has come forward, and the Court does not have access to non-parties' financial records, the Court must assume that Brunozzi's financial interest renders him suitable to serve as lead plaintiff. *See Li v. Spirit AeroSystems Holdings, Inc.*, No. 23-CV-03722 (PAE), 2023 WL 6938285, at *2 (S.D.N.Y. Oct. 20, 2023) (citing cases). Thus, the second requirement to become the presumptive lead plaintiff has been satisfied. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb).

### C.     Rule 23 Requirements

The Rule 23 requirements for class certification are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70, 80 (2d Cir. 2015). At this early stage of litigation, however, "'only the last two factors—typicality and adequacy—are pertinent.'" *Lopez v. CTPartners Exec. Search Inc.*, No. 15-CV-01476 (PAE), 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015) (quoting *Constance Sczesny Trust v. KFMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004)). A lead plaintiff's claims are typical where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173-74 (S.D.N.Y. 2010) (cleaned up); *see also In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). A lead plaintiff is adequate where he "does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent." *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006) (citing *Dietrich v. Bauer*, 192 F.R.D. 119, 126 (S.D.N.Y, 2000)). To obtain appointment as lead plaintiff, "[t]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule

7

23 have been met." *Weinberg v. Atlas Air Worldwide Holdings. Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).

Brunozzi's claims are "typical of the class because [his] claims and injuries arise from the same conduct from which the other class members' claims and injuries arise." *Li*, 2023 WL 6938285, at *2 (cleaned up). As alleged in the Complaint, Brunozzi himself "purchased and sold UiPath securities during the Class Period" (*Brunozzi* Action, Compl. ¶ 16), and "brings this action as a class action . . . on behalf [of] all person and entities who purchased or acquired UiPath securities[.]" (*Id.* ¶ 58; *see also* Compl. ¶ 58 (supplying similar allegations).) Accordingly, Brunozzi's claims arise from the same course of conduct as other class members' claims.

On the record before the Court, Brunozzi is also an adequate class representative. Brunozzi has certified that he understands his duties, including to fairly and adequately represent the purported class and to do so to the best of his abilities. (Brunozzi Decl., ECF No. 15-1, ¶ 7.) Brunozzi also selected and retained capable counsel, since (as addressed in Discussion Section III, *infra*), BFA has significant experience and a track record of litigating securities class actions successfully. (*Id*. ¶ 6) There is no indication that Brunozzi has any interests that are antagonistic to those of the class.

Because Brunozzi has satisfied the PSLRA requirements, the Court finds that he is the most adequate plaintiff.[4] The Court therefore appoints Brunozzi as lead plaintiff.

---

[4] The Court notes that no rebuttal evidence has been submitted to show that Brunozzi "will not fairly and adequately protect the interests of the class" or that he is subject to "unique defenses" that render him incapable of adequately representing the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

III. **Approval Of Appointment Of Lead Counsel**

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly selected lead plaintiff's decisions as to counsel selection." *Moore v. Checkpoint Therapeutics, Inc.*, No. 24-CV-02613 (PAE), 2024 WL 3090623, at *3 (S.D.N.Y. June 21, 2024) (cleaned up).

Here, Brunozzi has selected BFA to represent his interests. (Brunozzi Decl. ¶ 6) Having reviewed BFA's submissions as to its pertinent background and experience, including its experience litigating securities class actions (BFA Firm Resume, ECF No. 15-6; 8/19/24 Mem. at 9), the Court finds that BFA is well qualified to serve as lead counsel. Accordingly, the Court hereby approves Brunozzi's selection of BFA as lead counsel.

## CONCLUSION

For the foregoing reasons, Brunozzi's motion is GRANTED in its entirety. Accordingly, it is hereby ORDERED, as follows:

1. The *Steiner* Action and *Brunozzi* Action are consolidated under Master File No. 1:24-CV-04702 (JPC) (SDA) (the "Master File"). The consolidation is for all purposes including discovery and trial. All documents in the consolidated actions shall be filed only in the Master File. The Clerk of Court respectfully is directed to rename the caption in the Master File as "In re UiPath Securities Litigation." In addition, the Clerk of Court respectfully is directed to administratively close Case No. 24-CV-05959.

2. Brunozzi hereby is appointed as lead plaintiff and Brunozzi's selection of BFA as lead counsel is approved.

3. No later than September 20, 2024, the parties shall meet-and-confer and file a joint letter providing a proposed schedule for Plaintiff to file a Consolidated Complaint and for Defendants to file an Answer to the Consolidated Complaint or otherwise respond to the Consolidated Complaint.

**SO ORDERED.**

Dated:     New York, New York
            September 5, 2024

_____
STEWART D. AARON
United States Magistrate Judge